UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL LÓPEZ-LUCAS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-3218-X |
| | § | |
| WARDEN OF PRAIRIELAND DETENTION CENTER, et al., | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Ismael López-Lucas's Emergency Motion for Temporary Restraining Order (TRO) requesting that the Court "prohibit[] Respondents. . . from transferring [him] from Prairieland Detention Center outside the territorial jurisdiction of this Court."[1] But López-Lucas fails to demonstrate anywhere in his TRO that a transfer is imminent or even likely. A TRO is not an extra backstop or something to be granted "just in case," so the Court **DENIES** the TRO request.

A TRO serves to preserve the status quo at the timing the lawsuit was filed and prevent irreparable harm to the movant so a court can "render a meaningful decision after a trial on the merits."[2] To warrant this extraordinary relief, the movant

[1] Doc. 2 at 1.

[2] *Apex Grp. Cap. Advisors LLC v. Related Fund Mgmt. LLC*, No. 3:25-CV-1627-X, 2025 WL 1869436, at *2 (N.D. Tex. July 7, 2025) (Starr, J.) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

must demonstrate:

> (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3]

A plaintiff must demonstrate that "irreparable injury is *likely*" without a TRO.[4] And TROs are an "extraordinary relief and rarely issued."[5] Accordingly, the "burden of proof is a heavy one."[6] López-Lucas seeks an order from the Court preventing Respondents from "transferring [him] outside of the Northern District of Texas while [his] Petition for Writ of Habeas Corpus remains pending."[7] Yet nowhere in his petition does he allege that his removal is imminent, in the foreseeable future, or even likely. Likewise, he does not make a showing that transfer out of this judicial district will deprive him of the ability to have his habeas petition heard. He thus fails to demonstrate a substantial threat (or any threat) of irreparable injury.

The Court therefore **DENIES** López-Lucas's TRO request. His habeas petition remains pending.

**IT IS SO ORDERED** this 24th day of September, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[3] *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015).

[4] *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023)

[5] *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (O'Connor, J.).

[6] *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011).

[7] Doc. 2 at 3.